UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Respondent,<br><br>    v.<br><br>RODNEY BUTLER,<br><br>    Movant. | No. 2:04-cr-00019-MCE-JFM<br><br>**MEMORANDUM AND ORDER** |

Rodney Butler ("Movant"), a federal prisoner proceeding pro se, filed this Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 8, 2013, the Magistrate Judge filed findings and recommendations which were served on Movant and which contained notice to Movant that any objections to the findings and recommendations were to be filed within fourteen (14) days. (Prop. Find. & Rec., Feb. 8, 2013, ECF No. 131 at 2.) Movant filed objections to the findings and recommendations. (Mov. Obj., Feb. 25, 2013, ECF No. 132.) The United States of America ("Respondent") filed objections to the findings and recommendations and a response to Movant's objections. (Resp't Obj., Apr. 17, 2013, ECF No. 134.)

///

Movant subsequently filed a reply to Respondent's objections. (Mov. Reply, Apr. 29, 2013, ECF No. 136.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304(f), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, including objections, the Court respectfully rejects the Magistrate Judge's findings and recommendations and denies Movant's § 2255 Motion to Vacate, Set Aside, or Correct his Sentence.

## BACKGROUND

The Court entered its final judgment against Movant on July 31, 2007. (ECF No. 96.) On September 19, 2011, Movant filed – in Movant's own language – a "Non-Consent to Participate in Imprisonment and Supervised Release" affidavit pursuant to the "Administrative Procedures Act Title 5 U.S.C. 551 et seq." (ECF No. 105 at 1.) On October 11, 2011, the Magistrate Judge recharacterized Movant's affidavit as a motion to vacate, set aside, or correct Movant's sentence pursuant to 28 U.S.C. § 2255. (ECF No. 109.)

Subsequently, on October 11, 2011, Movant, acknowledging that the one-year statute of limitations for a § 2255 motion had passed, objected to the Magistrate Judge's recharacterization of Movant's affidavit to a § 2255 motion. (ECF No. 111.) On January 3, 2012, Movant rescinded his objection to the recharacterization and accepted his affidavit as a § 2255 motion. (ECF No. 116.)

On June 27, 2012, the Magistrate Judge presented his findings and recommendations dismissing Movant's § 2255 claim for both failure to state a claim and as an untimely petition. (ECF No. 125.) On August 23, 2012, the Court adopted the Magistrate Judge's June 27 findings and recommendations in full. (ECF No. 128.)

On December 26, 2012, Movant filed the instant § 2255 Motion to Vacate, Set Aside, or Correct Sentence. (ECF No. 130.)

2

1   On February 8, 2013, the Magistrate Judge dismissed Movant's Motion as a second or
2   successive motion under § 2255 that must be authorized by the U.S. Court of Appeals
3   for the Ninth Circuit prior to the District or Magistrate Court considering it.  (ECF
4   No. 131.)  The Magistrate Judge provided Movant fourteen (14) days to object to the
5   findings and recommendations.  Movant filed timely objections to the Magistrate Judge's
6   order on February 25, 2013.  (ECF No. 132.)  The Magistrate Judge did not specify a
7   period of time for Respondent to object to the findings and recommendations, and, as a
8   result, Respondent was allowed fourteen (14) days to serve objections.  Fed. R. Crim. P.
9   59(b)(2).  Respondent filed untimely objections to the findings and recommendations on
10  April 17, 2013.[1]  (ECF No. 134.)  On April 29, 2013, Movant filed a reply to Respondent's
11  April 17 objections.  (ECF No. 136.)

## STANDARD

The Court must conduct a de novo review of portions of the Magistrate Judge's findings and recommendations to which a party objects.  28 U.S.C. § 636(b)(1)(C). Thus, the matters objected to are reviewed completely anew as if no Magistrate recommendations have been made.  See Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir. 2006); Lawrence v. Dep't of Interior, 525 F.3d 916, 920 (9th Cir. 2008). The Court considers the record "developed before the magistrate, . . . [and] is not bound to adopt the magistrate's findings but rather . . . [it must], 'in sound judicial discretion,' make [its] own determination on the record."  Cabinetware Inc. v. Sullivan, No. Civ. S. 90-313 LKK, 1991 WL 327959, at *1 (E.D. Cal. July 15, 1991) (citing United States v. Raddatz, 447 U.S. 667, 675-76 (1980)).

///

---

[1] Though Respondent's objections were not filed within the requisite fourteen-day period, the focus of this Court is to review the Magistrate Judge's findings and recommendations and to review Movant's motion de novo.

The Court "may accept, reject, or modify . . . the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b)(1)(C).

## ANALYSIS

**A.    Instant Motion as Second or Successive § 2255 Motion**

In his findings and recommendations, the Magistrate Judge recommended to dismiss Movant's Motion without prejudice concluding that the Motion was a second or successive § 2255 motion that must be certified by the United States Court of Appeals for the Ninth Circuit prior to the District or Magistrate Court's consideration of it. (ECF No. 131 at 1.) Both Movant and Respondent object to the findings and recommendations and argue that the instant Motion cannot be characterized as a second or successive § 2255 motion. (Mov. Obj., 4; Resp't Obj., 2.)

Under 28 U.S.C. § 2255(h):

> A second or successive [§ 2255] motion must be certified . . . by a panel of the appropriate court of appeals to contain – (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  Thus, if a moving party submits an initial § 2255 motion that the court rules on and the moving party then submits a subsequent § 2255 motion, this second or successive motion must be certified by the U.S. Court of Appeals for the Ninth Circuit prior to the District or Magistrate Court considering the subsequent motion.

///
///
///

4

Movant and Respondent allege that the instant § 2255 Motion cannot be considered a successive motion because the Magistrate Court did not provide Movant with the required warnings when recharacterizing Movant's September 19, 2011 affidavit as a § 2255 motion. Because an initial § 2255 motion can effectively deny a moving party a subsequent § 2255 motion without an appellate court's permission, the Supreme Court has protected pro se litigants when a court recharacterizes a pro se litigant's motion to a § 2255 motion. See Castro v. United States, 540 U.S. 375 (2003). In Castro, the Court held:

> [T]he court cannot so recharacterize a pro se litigant's motion as the litigant's first § 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's "second or successive" restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing. Where these things are not done, a recharacterized motion will not count as a § 2255 motion for purposes of applying § 2255's "second or successive" provision.

Id. at 377 (emphasis in original). Thus, prior to recharacterizing a pro se litigant's motion as a § 2255 motion, the court must give the following three Castro warnings: (1) inform the movant of the recharacterization; (2) warn the movant that this will subject all subsequent § 2255 motions to the second or successive restrictions; and (3) provide the movant with an opportunity to withdraw or amend the filing. If one of these requirements is not met, the initial recharacterized motion will not apply for the purposes of § 2255's second or successive restriction.

Movant filed his "Non-Consent to Participate in Imprisonment and Supervised Release" affidavit on September 19, 2011. (ECF No. 105 at 1.) The Magistrate Judge informed Movant of the recharacterization of Movant's affidavit to a § 2255 motion on October 11, 2011. (ECF No. 109.) Movant initially objected to the recharacterization, but Movant later rescinded his objection and accepted the Magistrate Judge's recharacterization on January 3, 2012. (ECF Nos. 111, 116.)

///

Based on the record, the first <u>Castro</u> requirement was met because the Magistrate Judge informed Movant and Movant accepted the recharacterization of his September 19, 2011 affidavit.  The third <u>Castro</u> requirement was also met because the Magistrate Judge provided Movant with ample time to withdraw or amend the filing. Movant, over a more than two-month period, had time to not only object to the recharacterization but to then rescind the objection and accept the Magistrate Judge's recharacterization.  However, nothing in the record indicates that, at any point, the Magistrate Judge warned Movant, as a pro se litigant, of the resulting restrictions to a second or successive § 2255 motion.  Furthermore, Respondent conceded in its objections to the findings and recommendations that the Magistrate Judge failed to provide the required <u>Castro</u> warnings, stating "[Movant] is correct in that the warnings required by <u>Castro</u> were not given before the first petition was recharacterized and, ultimately, dismissed.  (Resp't Obj., 2.)  Thus, the Magistrate Judge failed to provide Movant with the second required <u>Castro</u> warning.

As all three of the <u>Castro</u> warnings were not given when the Magistrate Judge recharacterized Movant's initial September 19, 2011 affidavit as a § 2255 motion, the motion does "not count as a § 2255 motion for purposes of applying § 2255's 'second or successive' provision." <u>Castro</u>, 540 U.S. at 377; <u>see</u> <u>also</u> <u>Miranda v. United States</u>, No. 11-2002 BEN (WMc), 2012 WL 1715191 (S.D. Cal. May 15, 2012); <u>United States v. Herrera</u>, No. CR 09-1097 PJH, 2011 WL 2600921 (N.D. Cal. June 30, 2011).  Thus, Movant's instant December 16, 2012 § 2255 Motion is not considered a second or successive motion and is not required to be certified by the U.S. Court of Appeals for the Ninth Circuit prior to the District or Magistrate Court's consideration.

For the reasons set forth above, the Court respectfully rejects the Magistrate Judge's Findings and Recommendations (ECF No. 131).  Per 28 U.S.C. § 636 (b)(1)(C), the Court will make its own ruling on Movant's instant § 2255 Motion.

///

///

**B.     Untimeliness of Movant's § 2255 Motion**

A motion for § 2255 relief must be brought within one year from:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or law of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court . . . ; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Movant does not allege, nor is there any evidence in the record, that the government impeded Movant's ability to file a § 2255 motion. Furthermore, Movant does not assert any right that has been recently recognized by the Supreme Court, nor does Movant present any new facts supporting his claims. Thus, Movant's motion for § 2255 relief must be brought within one year after Movant's conviction became final.

As was recognized in the dismissal of Movant's previous motion, "[h]ere the docket shows that [M]ovant's conviction became final in July 2007, and thus the time to file any § 2255 motion expired in July 2008." (ECF No. 125 at 7.) Furthermore, in Movant's later rescinded objection to the magistrate court's recharacterization of his first petition, Movant conceded the untimeliness of a § 2255 motion stating that Movant "is well aware that his one year limitation to file a § 2255 [m]otion has elapsed." (ECF No. 111 at 2.) For this reason, the Court dismissed Movant's September 19, 2011 § 2255 motion as untimely.

Movant filed the instant § 2255 Motion on December 26, 2012. (ECF No. 130.) Thus, the petition was filed well over four years beyond the expiration of the one-year limitation period of July 2008. As a result, Movant's instant § 2255 Motion is subject to dismissal as untimely under § 2255(f).

Though the petition is subject to dismissal for untimeliness, the Court also denies the petition based on the merits of the Motion.

### C.    Lack of Subject Matter Jurisdiction

To determine "whether a hearing and findings of fact and conclusions of law are required, '[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted.'" United States v. Withers, 638 F.3d 1055, 1062 (9th Cir. 2010) (citing United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984)). "Under this standard, a district court may summarily dismiss a § 2255 motion only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" Id. at 1062-63 (citing Schaflander, 743 F.2d at 717).

Movant's entire § 2255 Motion to Vacate is predicated on a claim of lack of subject matter jurisdiction. Arising from this subject matter jurisdiction claim, Movant alleges ineffective assistance of counsel for failing to raise this defense at trial, and, as a result of this ineffective assistance of counsel, Movant alleges that he involuntarily or unknowingly entered a guilty plea. (ECF No. 130.)

Movant argues that the court should vacate his sentence as a result of the court's lack of subject matter jurisdiction. (ECF No. 130.) Movant alleges that "the United States as a (federal corporation), failed to introduce a valid contract . . . therefore the federal court lacks subject-matter-jurisdiction to proceed in federal court." (Id. at 9.)

However, "in every federal criminal prosecution, subject-matter jurisdiction is conferred by 18 U.S.C. § 3231." United States v. Ratigan, 351 F.3d 957, 962 (9th Cir. 2003). The relevant portion of 18 U.S.C. § 3231 provides that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231.

///

Movant pled guilty to and the Court convicted Movant of Conspiracy to Possess Cocaine with Intent to Distribute – a federal law under 21 U.S.C. § 846.  (ECF No. 96.)  Thus, this Court had original subject matter jurisdiction over Movant's proceedings under 18 U.S.C. § 3231 when entering final judgment and sentencing of Movant.

As a result, Movant's § 2255 Motion to Vacate, Set Aside, or Correct his Sentence based on the Court's lack of subject matter jurisdiction is DENIED as it is "patently frivolous."  Withers, 638 F.3d at 1063.

### D.     Ineffective Assistance of Counsel

Movant alleges that he was denied effective assistance of counsel when Movant's counsel failed to raise a defense for lack of subject matter jurisdiction.  (ECF No. 130.)  In order for Movant to prove ineffective assistance of counsel, "[Movant] must show that counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984).  There is a strong presumption that Movant's counsel has fulfilled "the role in the adversarial process that the [Sixth] Amendment envisions."  Id.  To demonstrate that his counsel's representation fell below an objective standard of reasonableness, Movant must first "show that counsel's performance was deficient" by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."  Id. at 687.  Second, Movant must show "that the deficient performance prejudiced" Movant by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.

Movant has failed to show that his counsel "fell below" a standard of reasonableness.  Id. at 688.  Movant argues that he was "denied effective assistance of counsel when counsel failed to move for a motion to dismiss . . . for lack of subject matter jurisdiction."  (EFC No. 130 at 6.)

///

An objectively reasonable attorney in Movant's counsel's position would have known that the Court certainly had subject matter jurisdiction over the proceedings and that any challenge to subject matter jurisdiction would have been frivolous. United States v. Salinas, 2011 WL 6141104, at *6 (E.D. Cal. Dec. 9, 2011).  Thus, Movant has failed to show that he was denied effective assistance of counsel.

As a result, Movant's § 2255 Motion to Vacate, Set Aside, or Correct his Sentence based on ineffective assistance of counsel is DENIED.

**E.     Involuntarily and Unknowingly Entering into the Plea Agreement**

Movant alleges that, as a result of his counsel's ineffectiveness for failing to raise a defense for lack of subject matter jurisdiction, Movant involuntarily or unknowingly entered into the plea agreement.  (ECF No. 130.)  For the reasons set forth above, it is clear that Movant's counsel was not ineffective for failing to raise a defense of lack of subject matter jurisdiction.  Furthermore, the Court's dismissal of Movant's first § 2255 motion held that Movant entered into the plea agreement knowingly and voluntarily.  The Court's order held, "[t]he [p]lea [a]greement and the record of the change of plea hearing demonstrate that the terms of the [p]lea [a]greement were explained to [M]ovant, and [M]ovant understood those terms.  The Court thus finds that [M]ovant knowingly and voluntarily entered into the Plea Agreement."  (ECF No. 25 at 7.)

Thus, Movant's instant § 2255 Motion to Vacate, Set Aside, or Correct his Sentence based on Movant involuntarily or unknowingly entering into the plea agreement is DENIED.

///
///
///
///
///

**CONCLUSION**

For the reasons set forth above, the Court respectfully REJECTS the Magistrate Judge's Findings and Recommendations (ECF No. 131) and DENIES Movant's Motion to Vacate, Set Aside, or Correct Movant's Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 130).

IT IS SO ORDERED.

Dated: July 24, 2013

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT