UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Respondent,<br><br>　　v.<br><br>RODNEY BUTLER,<br><br>　　　　　　Movant. | No.  2:04-cr-00019 MCE JFM<br><br><br>ORDER |

　　　　Movant, a federal prisoner proceeding pro se and in forma pauperis, sought relief pursuant to 28 U.S.C. § 2255. On July 25, 2013, movant's § 2255 Motion to Vacate, Set Aside, or Correct his Sentence was denied. ECF No. 138. On August 12, 2013, movant filed a notice of appeal and a motion for leave to proceed in forma pauperis on appeal.

　　　　Rule 24 of the Federal Rules of Appellate Procedure provides as follows:

> a party who has been permitted to proceed in an action in the district court in forma pauperis . . . may proceed on appeal in forma pauperis without further authorization unless . . . the district court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled so to proceed . . . .

Fed. R. App. 24.  Because the district court has not certified that movant's appeal is not taken in good faith or otherwise found that movant is not entitled to proceed on appeal in forma pauperis,

/////

/////

1

movant's motion for leave to proceed in forma pauperis on appeal will be denied as unnecessary.[1]

In accordance with the above, IT IS HEREBY ORDERED that movant's August 12, 2013, motion to proceed in forma pauperis on appeal (ECF No. 140) is denied as unnecessary. See Fed. R. App. P. 24.

Dated:  September 27, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

butl0019.4den.hc

---

[1] The court notes that movant's motion for certificate of appealability was denied on September 3, 2013, because movant "has not made a substantial showing of the denial of a constitutional right." ECF No. 142 (citing ECF No. 138).  The decision to grant leave to proceed in forma pauperis on appeal is not inconsistent with the district court's decision to decline to issue a certificate of appealability in this action.  See Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977).

2