UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Respondent,<br><br>　　v.<br><br>RODNEY BUTLER,<br><br>　　　　　　Movant. | No.  2:04-cr-0019 MCE JFM<br><br><br>ORDER |

Movant is a federal prisoner proceeding without counsel.  On July 25, 2013, the undersigned denied movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  (ECF No. 138.)  Movant filed an appeal, which is still pending before the Court of Appeals for the Ninth Circuit.  (ECF No. 145.)  However, on February 10, 2014, movant filed a document entitled "Discharge Pursuant to 28 U.S.C. § 2717."  (ECF No. 147.)  Section 2717 provides:

> The court, or a judge thereof, upon--
>
> 　(1) application of the party when property has been attached and
>
> 　(2) execution to the United States of a penal bond, approved by a judge, in double the value of the property attached and conditioned upon the return of the property or the payment of any judgment rendered by the court
>
> may discharge the warrant of attachment as to the property of the applicant.

1

28 U.S.C. § 2717.  While not entirely clear, movant seeks to revoke the October 24, 2006 plea agreement based on an alleged failure to respond to movant's documents submitted for "full settlement and closure of Account/Case No. 2:04-cr-0919 MCE."  (ECF No. 147 at 3.)

It appears that movant is under the misapprehension that he can revoke the plea agreement entered into in this federal criminal prosecution by availing himself of relief pursuant to the Miller Act (ECF No. 103), or by declaring an "accord and satisfaction."  (ECF No. 147 at 5.)  In his July 16, 2010 filing, movant sought "an accounting on the bonds SF-273, SF-274, SF-275, and any other Bonds under the Miller Act without controversy." (ECF No. 103.)  Movant also appears to argue that he is entitled to an "accord and satisfaction" based on the court's failure to respond to the documents forwarded to the court on July 16, 2010.  (ECF No. 147 at 5.)

The Miller Act is applicable to any project for a "public building or public work," whether or not the government is a party to the construction contract.  40 U.S.C. § 270a; United States ex rel. Gamerston & Green Lumber Co. v. Phoenix Assurance Co., 163 F.Supp. 713, 715, 717-18 (N.D. Cal.1958); see United States ex rel. Sherman v. Carter, 353 U.S. 210, 216 (1957); Clifford F. MacEvoy Co. v. United States ex rel. Calvin Tomkins Co., 322 U.S. 102, 107 (1944).  The purpose of the Miller Act is to protect those who would have materialmen's and workmen's liens under state law if they were not working on a structure exempt as a federal public work or building.  The Miller Act has thus been liberally construed in light of its legislative history to protect laborers and suppliers.  See cases cited supra.

As set forth in the July 25, 2013 order, the instant federal criminal prosecution proceeded under 18 U.S.C. § 3231.  (ECF No. 138 at 8.)  Movant pled guilty to, and was convicted of, conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. § 846.  (ECF No. 138 at 9.)  Movant was sentenced to serve 240 months in federal prison.  (ECF No. 96 at 2.)  Therefore, the Miller Act is not implicated by this criminal prosecution.  No bonds were issued pursuant to the Miller Act, and no property was attached in this federal criminal prosecution. Movant's efforts to create an "accord and satisfaction" to "settle" this case are unavailing.

////

////

IT IS HEREBY ORDERED that movant's February 10, 2014 motion for discharge (ECF No. 147) is denied.

Dated: April 8, 2014

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT