1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,                    No.  2:04-cr-0019 MCE AC

12                    Respondent,

13           v.                                     FINDINGS AND RECOMMENDATIONS

14    RODNEY BUTLER,

15                    Movant.

16

17           Movant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside, or

18    correct his sentence pursuant to 28 U.S.C. § 2255.  ECF No. 175.  Movant has also filed a motion

19    to dismiss for lack of subject matter jurisdiction, styled as a "Counterclaim Pursuant to Fed. R.

20    Civ. P. Rule 13(a)(1)(A)," and a request to arrest judgment which are nearly identical to his

21    motion to vacate, set aside, or correct his sentence.  ECF Nos. 151, 180.

22           The court's records reveal that movant has previously filed a motion to vacate, set aside or

23    correct his sentence.  On December 18, 2012[1] (ECF No. 130), movant filed a motion[2] pursuant to

24    § 2255 which was denied as untimely and on the merits (ECF No. 138).  Both the District Judge

25    _____

      [1] Since plaintiff is proceeding pro se, he is afforded the benefit of the prison mailbox rule.  See

26    Houston v. Lack, 487 U.S. 266, 276 (1988).

      [2] Prior to the December 18, 2012 motion, movant filed a "notice" that was recharacterized as a

27    motion pursuant to § 2255.  ECF No. 105.  However, because movant was not provided with all

      three warnings required by Castro v. United States, 540 U.S. 375 (2003), the December 18, 2012

28    motion was not considered second or successive.  ECF No. 138 at 6.

                                                  1

and the Ninth Circuit Court of Appeals denied movant a certificate of appealability.  ECF Nos. 142, 149.  The currently pending § 2255 motion (ECF No. 175), the motion to dismiss (ECF No. 151), and request to arrest judgment (ECF No. 180) only make arguments that the court has already considered in denying movant's December 18, 2012 motion.  See ECF No. 138.

Before movant can proceed with the instant § 2255 motion, he must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the application.  "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."  28 U.S.C. § 2255; see also 28 U.S.C. § 2244(b)(3).  Therefore, this petition should be dismissed without prejudice to its refiling upon obtaining authorization from the United States Court of Appeals for the Ninth Circuit.

Because they are nearly identical to the current § 2255 motion and challenge movant's detention, the motion to dismiss and request to arrest judgment are properly construed as § 2255 motions.  Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir. 2008) ("As a general rule, '§ 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention.'") (quoting Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000)).  However, were the court to construe the motion to dismiss and request to arrest judgment as § 2255 motions, they also would have to be denied as second or successive.  Even if the court does not construe the motion to dismiss and request to arrest judgment as § 2255 motions, they should still be denied for the reasons set forth in the July 25, 2013 order denying movant's previous § 2255 motion (ECF No. 138).

Movant's request to arrest judgment should be further denied as untimely.  "The defendant must move to arrest judgment within 14 days after the court accepts a verdict or finding of guilty, or after a plea of guilty or nolo contendere."  Fed. R. Crim. P. 34(b).  Movant entered a plea of guilty on October 24, 2006 (ECF Nos. 83, 85), and has not demonstrated that his failure to timely file is due to excusable neglect, Fed. R. Crim. P. 45(b)(1)(B).

For these reasons, the motion to dismiss and request to arrest judgment should be denied.  Furthermore, since the request to arrest judgment should be denied because it is untimely or would be second or successive if construed as a § 2255 motion, movant's motion to amend the

request should also be denied because any amendment would be futile.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Movant's June 18, 2015 motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 175) be denied; and

2. Movant's motion to dismiss (ECF No. 151) be denied.

3. Movant's request to arrest judgment (ECF No. 180) and motion to amend the request (ECF No. 186) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to this case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, movant may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Movant is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 14, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE