UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:04-CR-00019-MCE |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| RODNEY BUTLER, | |
| Defendant. | |

      Defendant Rodney Butler ("Defendant") was convicted of Conspiracy to Possess Cocaine with Intent to Distribute and was sentenced on July 19, 2007, to 240 months of imprisonment. Pursuant to U.S.S.G. § 2D1.1, Defendant's base offense level was calculated at 38. Two levels were added for his role as a manager or leader, and three levels were subtracted for acceptance of responsibility, resulting in a total offense level of 37. In this case, however, Defendant was also determined to be a career offender under U.S.S.G. § 4B1.1, which provides that "if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply." Pursuant to the table included in § 4B1.1, Defendant's career offender offense level was 37, which, after a reduction for acceptance of responsibility, resulted in a total offense level of 34. The higher offense level derived from § 2D1.1 thus applied and resulted in a guideline

sentencing range of 360 months to life.  Defendant's 240-month sentence was the result of a Government motion under U.S.S.G. § 5k1.1 based on Defendant's substantial assistance.

Presently before the Court is Defendant's Motion to Reduce Sentence.  ECF No. 166.  This matter was referred to the Office of the Federal Defender, which subsequently filed a notice indicating that it would not be supplementing Defendant's motion. ECF Nos. 168-170.[1]  The Government opposes Defendant's request.  ECF No. 183.

On February 16, 2016, this Court issued an order requiring the Government to provide supplemental briefing on the following question:

> What affect, if any, does U.S.S.G § 1B1.10(b)(2)(B) have on the Government's argument that "[b]ecause the low-end of the defendant's career offender guideline range (292 to 365 months) exceeds the sentence that this Court originally imposed (240 months), he is ineligible for a sentence reduction."

ECF No. 194 at 1 (quoting ECF No. 183 at 4).  The Government timely responded, in part, as follows:

> Where, as here, the career offender guideline of U.S.S.G. § 4B1.1 was not listed in subsection (d) of the § 1B1.10 and, as a result, Amendment 782 did not alter or lower defendant's applicable guideline range, then the district court lacks jurisdiction to modify the sentence under § 3582(c)(2). U.S.S.G. § 1B1.10(a); see United States v. Pleasant, 704 F.3d 808, 811 (9th Cir. 2013); United States v. Charles, 749 F.3d 767, 770 (9th Cir. 2014) ("[R]etroactive amendments regarding sentences under the drug guidelines do not affect individuals who were sentenced as career offenders."). Specific to the Court's inquiry, § 1B1.10(b)(2)(B) does not affect the government's argument that this defendant is ineligible for a sentence reduction because the substantial-assistance motion did nothing to alter that this defendant was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1, not § 2D1.1. Charles, 749 F.3d at 770; PSR ¶ 25.  In other words, defendant remains ineligible for a

---

[1] The filing submitted by the Federal Defender's Office more specifically states that it is not "recommend[ing] appointment of counsel in this case." ECF No. 169.  However, that office had already been appointed pursuant to Eastern District General Order 546.  The filing is thus more properly construed as a decision not to add to the record.  Although that office also later clarified that Defendant preferred to proceed pro se, that office was never relieved as counsel for Defendant.

>sentence reduction, even with the granting of a government motion for substantial assistance motion pursuant to § 5K1.1, because Amendment 782 did not lower this defendant's career-offender sentencing guideline range. U.S.S.G. § 1B1.10(b)(2)(B); Pleasant, 704 F.3d at 811; Charles, 749 F.3d at 770. This is true because career offenders are sentenced pursuant to U.S.S.G. § 4B1.1, not § 2D1.1. Charles, 749 F.3d at 770. Thus, applying the required two-step analysis of Dillon, defendant's sentence reduction under 18 U.S.C. § 3582(c)(2) fails because his sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Accordingly, defendant's guideline range remains the same as at the time of sentencing and, where application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. United States v. Waters, 648 F.3d 1114, 1117 (9th Cir. 2011) (finding defendant ineligible for sentence reduction because his career offender guideline was not altered by reduction in drug offense guideline). In other words, the eligibility-analysis required by Dillon and § 3582(c)(2) results in the same conclusion: "[R]etroactive amendments regarding sentences under the drug guidelines do not affect individuals who were sentenced as career offenders." Charles, 749 F.3d at 770.

ECF No. 195 at 2-3.

The Court is familiar with the Government's cited authority and understands that its position would be correct in most cases. Under the facts of this particular case, however, the Court is not yet persuaded that Defendant is ineligible for a sentencing reduction.

The Court primarily remains unconvinced because the Government's argument presumes that all "career offenders are sentenced pursuant to U.S.S.G. § 4B1.1, not § 2D1.1." ECF No. 195 at 3 (citing Charles, 749 F.3d at 770). While generally true, "[t]hat statement is imprecise . . . because not all (though certainly most) career offenders are sentenced on the basis of the offense levels in the career-offender guideline." United States v. Williams, 694 F.3d 917, 918-19 (2012). Because Defendant's offense level under § 2D1.1 was higher than his career offender offense level under § 4B1.1, it appears that Defendant's sentence was "based on" § 2D1.1 such that a retroactive reduction may be possible. See Dillon v. United States, 560 U.S. 817, 821 (2010) ("When the Commission makes a Guidelines amendment retroactive,

18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision."). While there is very little authority on this unusual issue, the authority the Court has found tends to support the conclusion that a reduction to a sentence no lower than the low end of guideline range calculated by the career offender offense level, further reduced proportionally for substantial assistance, may be permitted. See, e.g., Williams, 694 F.3d 917; United States v. Stevenson, 749 F.3d 667 (7th Cir. 2014); United States v. Tellis, 748 F.3d 1305 (11th Cir. 2014). Further briefing is thus required.

Accordingly, not later than thirty (30) days following the date this order is electronically filed, the Office of the Federal Defender, which still has a court-ordered duty to represent Defendant, shall file a response to the Government's Opposition (ECF No. 183) and Supplemental Response (ECF No. 195) on Defendant's behalf. Not later than thirty (30) days following the filing of Defendant's response, the Government shall file a reply. The Clerk of the Court is directed to serve this Order on both Defendant and Hannah Rose Labaree with the Office of the Federal Defender.

IT IS SO ORDERED.

Dated: April 27, 2016

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT